```
         IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
             DIVISION OF ST. THOMAS AND ST. JOHN


DALE FLEMING,                         )
                                      )
                                      )
         Plaintiff,                   )
v.                                    )    CIVIL NO. 2011-32
                                      )
RHYS S. HODGE, GOVERNMENT OF THE      )
VIRGIN ISLANDS CHIEF JUSTICE OF       )
THE SUPREME COURT OF THE VIRGIN       )
ISLANDS,                              )
                                      )
         Defendant.                   )
_____)
```

AMENDED MEMORANDUM AND ORDER

Before the Court is plaintiff's motion for appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1).

Indigent civil litigants do not have a constitutional or a statutory right to appointed counsel.[1] Under 28 U.S.C. § 1915(e)(1), however, a court "may request an attorney to represent any person unable to afford counsel." The United States Court of Appeals for the Third Circuit has interpreted § 1915(e)(1) "as affording district courts 'broad discretion' to determine whether appointment of counsel in a civil case would

---

[1] *Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002) (citing *Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997)).

be appropriate."[2]  In deciding whether to appoint counsel, a court must first make a threshold assessment of "whether the claimant's case has some arguable merit in fact and law."[3]  If the claimant overcomes this initial hurdle, then the court should consider the following factors in determining whether to appoint counsel.  These factors are:

1. the plaintiff's ability to present his or her own case;

2. the difficulty of the particular legal issues;

3. the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation;

4. the plaintiff's capacity to retain counsel on his or her own behalf;

5. the extent to which a case is likely to turn on credibility determinations, and;

6. whether the case will require testimony from expert witnesses.[4]

Plaintiff alleges that then Superior Court of the Virgin Islands Judge Rhys Hodge ("the Judge") presided over a criminal trial in the Superior Court of the Virgin Islands wherein plaintiff was convicted of several crimes.  Plaintiff further

---

[2]  *Montgomery,* at 498(citing *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993)).

[3]  *Montgomery*, at 498(citing T*abron,* 6 F.3d at 155 and *Parham*, 126 F.3d at 457).

[4]  *Montgomery,* at 499 (citing *Tabron*, 6 F.3d at 155-57).

alleges that the Judge committed "constitutional violation plain error and judicial misconduct [sic]," while presiding over the case. As a result, he filed this action seeking redress for "Constitutional violations and judicial misconduct under the 14th Amendment"[5] and for deprivation his civil rights under 42 U.S.C. § 1983.

4 V.I.C. § 242 provides that "[n]o judge or justice shall be liable in a civil action for damages by reason of any judicial action taken or judgment or decision rendered by him in good faith."  The alleged wrongs occurred during the trial, and therefore, appear to be within the sphere of legitimate judicial activity.  As such, it appears that the Judge should not be subject to civil liability.

Further, 42 U.S.C. § 1983 actions for monetary damages or retrospective injunctive relief cannot be maintained against the "the Territory of the Virgin Islands . . . [or] its officers acting in their official capacities [because they] are [not] 'persons' under 42 U.S.C. § 1983."[6]  Accordingly, only a § 1983 action for prospective injunctive relief may be maintained against the Territory and its officers acting in their official

---

[5]  Plaintiff's complaint, p. 1.

[6]  *Iles v. De Jongh*, 638 F.3d 169, 177-78 (3d Cir. 2011).

capacities.[7] Title 4 V.I.C. § 72(c) in pertinent part provides that "judges of the territorial court[8] shall be officers of the Government of the Virgin Islands . . . ."  Here, plaintiff mention that he is seeking "injunctive relief" in the beginning of the complaint, but does not request any injunctive relief from the Court.  Rather, plaintiff only requests monetary damages.

Considering the foregoing, it appears that Fleming's claims are without merit in fact and law.  He has therefore not made the threshold showing necessary for the appointment of counsel.  Moreover, the Court must be mindful of the Third Circuit's caution that care should be exercised "in appointing counsel because volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases."[9]  Accordingly, the Court declines to appoint counsel here.  For the foregoing reasons, it is hereby ORDERED that plaintiff's motion is DENIED.

S_____
**RUTH MILLER**
United States Magistrate Judge

---

[7]  *Id.*

[8]  Subsequent to the enactment of this legislation, the court's name was changed to the Superior Court of the Virgin Islands.

[9] *Montgomery,* 294 F.3d at 499 (citing *Parham*, 126 F.3d at 458).