IN THE DISTRICT COURT OF THE VIRGIN ISLANDS

DIVISION OF ST. THOMAS AND ST. JOHN

```
DALE FLEMING,                            )
                                         )
                                         )
        Plaintiff,                       )
v.                                       )    CIVIL NO. 2011-32
                                         )
RHYS S. HODGE, GOVERNMENT OF THE         )
VIRGIN ISLANDS CHIEF JUSTICE OF          )
THE SUPREME COURT OF THE VIRGIN          )
ISLANDS,                                 )
                                         )
        Defendant.                       )
_____)
```

MEMORANDUM AND ORDER

Before the Court is plaintiff's second motion (ECF 21) for appointment of counsel. Although not specified in the motion, the Court presumes it is brought pursuant to 28 U.S.C. § 1915(e)(1).

As the Court noted previously, indigent civil litigants do not have a constitutional or a statutory right to appointed counsel.[1] Under 28 U.S.C. § 1915(e)(1), however, a court "may request an attorney to represent any person unable to afford counsel." The United States Court of Appeals for the Third Circuit has interpreted § 1915(e)(1) "as affording district courts 'broad discretion' to determine whether appointment of

---

[1] *Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002) (citing *Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997)).

counsel in a civil case would be appropriate."[2] In deciding whether to appoint counsel, a court must first make a threshold assessment of "whether the claimant's case has some arguable merit in fact and law."[3] If the claimant overcomes this initial hurdle, then the court should consider the following factors in determining whether to appoint counsel:

1. the plaintiff's ability to present his or her own case;

2. the difficulty of the particular legal issues;

3. the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation;

4. the plaintiff's capacity to retain counsel on his or her own behalf;

5. the extent to which a case is likely to turn on credibility determinations, and;

6. whether the case will require testimony from expert witnesses.[4]

Plaintiff alleges that then Superior Court of the Virgin Islands Judge Rhys Hodge ("the Judge") presided over a criminal trial in the Superior Court of the Virgin Islands wherein plaintiff was convicted of several crimes. Plaintiff further

---

[2] *Montgomery,* 294 F.3d at 498(citing *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993)).

[3] *Montgomery*, 294 F.3d at 498(citing T*abron,* 6 F.3d at 155 and **Parham, 126 F.3d at 457).**

[4] *Montgomery,* 294 F.3d at 499 (citing *Tabron*, 6 F.3d at 155-57).

alleges that the Judge committed "constitutional violation plain error and judicial misconduct [sic]," while presiding over the case. As a result, he filed this action seeking redress for "Constitutional violations and judicial misconduct under the 14th Amendment"[5] and for deprivation his civil rights under 42 U.S.C. § 1983.

As the Court previously noted (ECF 15), 4 V.I.C. § 242 provides for immunity from suit under the circumstances presented here, and a 42 U.S.C. § 1983 action as pled here cannot be maintained against the defendant, as an officer of the Government of the Virgin Islands.[6] As a result, it appears that Fleming's claims are without merit in fact and law, and he has not made the threshold showing necessary for the appointment of counsel.

Fleming now asserts he is unemployed and cannot afford to pay an attorney. This does not alter the Third Circuit's caution that care should be exercised "in appointing counsel

---

[5] Plaintiff's complaint, p. 1.

[6] E.g., Iles v. De Jongh, 638 F.3d 169, 177-78 (3d Cir. 2011); Brow v. Farrelly, 994 F.2d 1027, 1037 (3d Cir. 1993). Only a § 1983 action seeking prospective injunctive relief against a government official acting in his official capacity can be maintained, and here plaintiff seeks monetary relief.

because volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases."[7]

Accordingly, the Court again declines to appoint counsel here. For the foregoing reasons, it is hereby ORDERED that plaintiff's motion is DENIED.

**Dated:** May 23, 2012          S\_____
                                 **RUTH MILLER**
                                 United States Magistrate Judge

---

[7] *Montgomery,* 294 F.3d at 499 (citing *Parham*, 126 F.3d at 458).