IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| **DALE FLEMING,** ) | **D.C. CV. NO. 2011-032** |
| Plaintiff, ) | |
| ) | Ref:     D.C. CR. APP. NO. 2006-055 |
| v. ) | S.C. CR. NO. 59-2006 |
| ) | |
| **RHYS S. HODGE, Chief Justice of the** ) | |
| **Supreme Court of the Virgin Islands,** ) | |
| Defendant. ) | |
| ─────────────────────────── ) | |

**APPEARANCES:**

**Dale Fleming**
St. Thomas, U.S. Virgin Islands
    *Pro se Plaintiff*,

**Henry C. Smock, Esq.**
Smock & Moorehead
St. Thomas, U.S. Virgin Islands
    *For the Defendant.*

## MEMORANDUM OPINION

**GÓMEZ, C.J.**

Before the Court is the motion of Defendant Rhys S. Hodge, Chief Justice of the Supreme Court of the Virgin Islands ("Justice Hodge" or "Hodge") to dismiss Dale Fleming's ("Fleming") March 2011 *pro se* complaint alleging judicial misconduct and civil rights violations pursuant to U.S. CODE ANN. tit. 42 § 1983 ("Section 1983"). (*See* ECF Nos. 1, 19, 20.) Justice Hodge moves to dismiss Fleming's complaint for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

*Fleming v. Hodge*
D.C. CV. No. 2011-032
Memorandum Opinion
Page 2

In his complaint, Fleming alleges various acts of misconduct undertaken by Justice Hodge when Hodge was a Judge of the Superior Court of the Virgin Islands ("Superior Court") presiding over Fleming's criminal case, *People of the Virgin Islands v. Fleming*, S.C. Crim. No. 59/2006.[1]

I. FACTS AND PROCEDURAL BACKGROUND

As the parties are familiar with the underlying facts of this case, only those facts relevant to this discussion will be recited. Fleming was arrested in September, 2005, and brought before the Superior Court on a three (3) count amended information. Count I charged third degree assault, in violation of V.I. Code Ann. tit. 14, § 297(3). Count II charged Fleming with use of a dangerous weapon during the commission of a crime of violence, in violation of 14 V.I.C. § 2251(a)(2)(B). Count III charged him with vehicle tampering, in violation of 14 V.I.C. § 1384(a).

Justice Hodge presided over Fleming's jury trial which commenced on June 13, 2006. At the close of the Government's case, Fleming made a Motion for a Judgment of Acquittal to dismiss Counts I and II pursuant to Fed. R. Crim. P. 29. The court denied the motion as to both counts. Fleming did not object to the jury instructions, and the court charged the jury. The jury subsequently found Fleming guilty on all counts. Justice Hodge sentenced Fleming to incarceration for a period of seven (7) years and six (6) months. Fleming appealed his

---

[1] As a *pro se* litigant, Fleming's complaint will be construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

*Fleming v. Hodge*
D.C. CV. No. 2011-032
Memorandum Opinion
Page 3

conviction to the Appellate Division of this Court.[2] Fleming's conviction was vacated as to Count II, and affirmed in all other respects. *See Fleming v. People of the Virgin Islands*, 775 F. Supp. 2d 765 (D.V.I. App. Div. 2011). Thereafter, Fleming filed this action.

Among other things, Fleming alleges in the instant complaint that he was "damaged" because of Justice Hodge's "careless action;" and that under principles of equity, he is exercising his 7th Amendment right to trial by jury. Therefore, Fleming prays for an award of One Million Dollars ($1,000,000) in damages for his pain and suffering. (*See id.*, Compl. at 2, 7.)

Justice Hodge moves to dismiss Fleming's complaint. Hodge asserts that judicial immunity insulates him and that Fleming fails to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Fleming opposes dismissal. (*See* ECF Nos. 22, 26.)

## II. DISCUSSION

In the wake of *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the United States Court of Appeals for the Third Circuit set forth the analysis needed when considering a motion to dismiss for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6):

> [D]istrict courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the

---

[2] Prior to the establishment of the Supreme Court of the Virgin Islands, appeals from the Superior Court were heard by the Appellate Division of the District Court ("Appellate Division") by virtue of the Revised Organic Act § 23A, 48 USC § 1613a; Act No. 6687 § 4 (2004).

*Fleming v. Hodge*
D.C. CV. No. 2011-032
Memorandum Opinion
Page 4

complaint are sufficient to show that the plaintiff has a "plausible claim for relief."

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-211 (3d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678-79); *see also Prudential Ins. Co. of America v. Bentley,* No. 2010-087, 2011 WL 4758708, at *4 (D.V.I. Oct. 7, 2011) (other citations omitted)).

A district court may grant a motion to dismiss only if, accepting all factual allegations in the complaint as true and construing the complaint in the light most favorable to the plaintiff, it determines that plaintiff is not entitled to relief under any reasonable reading of the complaint. Indeed,

> [i]n order to withstand a motion to dismiss, "a complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" This "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." On the contrary, a court is not required to accept legal conclusions alleged in the complaint. The pleading must contain sufficient factual allegations so as to state a facially plausible claim for relief. A claim possesses such plausibility "'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents.

*Mayer v. Belichick*, 605 F.3d 223, 229-30 (3d Cir. 2010) (internal citations omitted).

### III. ANALYSIS

Here, Fleming alleges that Justice Hodge was "legally responsible for the overall operation of the Court" during his criminal trial and Justice Hodge's "careless action" damaged Fleming. (*See* ECF No. 1, Compl. at 2.) Fleming also alleges that there was insufficient

*Fleming v. Hodge*
D.C. CV. No. 2011-032
Memorandum Opinion
Page 5

evidence to support his conviction on Count II; that Justice Hodge gave a plainly erroneous jury instruction; that he was damaged by Justice Hodge's careless action; and that he is exercising his right to trial by jury. Fleming asserts that Justice Hodge's several acts of misconduct violate Section 1983.[3] Fleming's complaint is fraught with legal problems.

First, the actions of which Fleming complains occurred during his criminal case, and as a consequence of judicial action. It is a well-established principle that a judge in the performance of his duties has absolute immunity from suit and will not be liable for his judicial acts. *See Mireles v. Waco*, 502 U.S. 9, 12 (1991) (holding that a judge was absolutely immune from suit for allegedly ordering police officers to use excessive force to bring an attorney to court on grounds that the judge's actions were taken in his judicial capacity). Judicial immunity "is not overcome by allegations of bad faith or malice," or as in this case, "careless action." *See id.* at 11 (holding that "judicial immunity is not overcome by allegations of bad faith or malice"); *see also Azubuko v. Royal*, 443 F.3d 302, 303 (3d Cir. 2006) (quoting *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'") (citations omitted)).

---

[3] Title 42 U.S.C. § 1983 provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any . . . person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. . . .

42 U.S.C. § 1983 (1996).

*Fleming v. Hodge*
D.C. CV. No. 2011-032
Memorandum Opinion
Page 6

Moreover, Fleming has not set forth any facts that would allow this Court to conclude that Justice Hodge clearly lacked jurisdiction.[4] Where the allegations in a plaintiff's complaint relate to actions taken by the judge "in his capacity as a judge," and the plaintiff has not alleged that the judge "clearly lacked jurisdiction," the allegations are "insufficient to overcome . . . judicial immunity." *See Brown v. Calabro*, No. 12-4011, 2013 WL 343457, at *2 (3d Cir. Jan. 30, 2013).

Fleming also argues, without legal authority in support thereof, that because Justice Hodge is not a federal judge, he is not immune from suit. (ECF No. 22, Mot. at 4.) Justice Hodge is entitled to absolute judicial immunity from liability under federal civil rights laws arising from his actions in Fleming's criminal matter where Justice Hodge did not act in complete absence of jurisdiction. *See generally, McDonald v. Lawhorn*, 98 F. App'x 358, 360 (6th Cir. 2004) (finding that state court judges were entitled to absolute judicial immunity from liability under federal civil rights laws arising from their orders where the judges did not act in complete absence of jurisdiction); *Hewett v. City of Grand Rapids*, No. 1:12-cv-998, 2012 WL 5409790, at *3 (W.D. Mich. Oct. 15, 2012) ("This immunity applies to actions brought under 42 U.S.C. § 1983 to recover for alleged deprivation of civil rights.") (citing *Pierson v. Ray*, 386 U.S. 547, 554-55 (1967), *overruled on other grounds by Harlow v. Fitzgerald*, 457 U.S. 800 (1982)). Thus, Fleming's allegations are insufficient to overcome Justice Hodge's judicial immunity.

Second, even if Fleming could overcome the hurdle presented by Justice Hodge's judicial immunity, his Section 1983 action is deficient. Section 1983 affords relief against persons.

---

[4] *See Conklin v. Anthou*, No. 12-1466, 2012 WL 3802281, at *4 (3d Cir. Aug. 30, 2012) (citing *Sadoski v. Mosley*, 435 F.3d 1076, 1079 (9th Cir. 2006) (distinguishing between actions in excess of jurisdiction and actions in clear absence of jurisdiction)).

*Fleming v. Hodge*
D.C. CV. No. 2011-032
Memorandum Opinion
Page 7

"Territories and their officers, acting in their official capacities, are not 'persons' under [42 U.S.C.] § 1983." *McCauley v. UVI*, No. 09-3735, 2010 U.S. App. LEXIS 17196, at *12-13 (3d Cir. Aug. 18, 2010) (citing *Ngiraingas v. Sanchez*, 495 U.S. 182, 191-92 (1990)). The Virgin Islands Code provides that "[t]he judges of the [superior] court shall be officers of the Government of the Virgin Islands." 4 V.I.C. § 72(c). Therefore, Justice Hodge as an officer of the territory is not a "person" within the scope of Section 1983. *See, e.g., Brow v. Farrelly*, 994 F.2d 1027, 1037 (3d Cir. 1993) ("[N]either the Territory of the Virgin Islands nor its officers acting in their official capacities are 'persons' under 42 U.S.C. § 1983"). Fleming's request for monetary damages presents yet another insurmountable hurdle under Section 1983. It is well established that judges have absolute immunity from Section 1983 actions seeking monetary damages for actions performed in a judicial capacity. *See Stump*, 435 U.S. at 364-65. Thus, the Court also finds that Fleming's challenge to his conviction fails to state a plausible claim for relief under Section 1983.

Ordinarily, "[e]ven when a plaintiff does not seek leave to amend, if a complaint is vulnerable to 12(b)(6) dismissal, a District Court must permit a curative amendment unless an amendment would be inequitable or futile." *Phillips v. Sheraton Soc'y Hill,* 163 F. App'x 93, 94 (3d Cir. 2005). That option is not available here, as the basic facts giving rise to the injury – Hodge's acts in his capacity as a judge – are immutable and fatal to Fleming's 1983 claim. As such, leave to amend would be futile.

*Fleming v. Hodge*
D.C. CV. No. 2011-032
Memorandum Opinion
Page 8

## IV.　CONCLUSION

For the reasons stated, the Court will grant Justice Hodge's motion to dismiss for failure to state a claim upon which relief can be granted pursuant to FED. R. CIV. P. 12(b)(6). An appropriate order follows.

**ENTER:**

/s/ Curtis V. Gómez

_____

**CURTIS V. GÓMEZ**
**CHIEF JUDGE**