```
                DISTRICT COURT OF THE VIRGIN ISLANDS
                  DIVISION OF ST. THOMAS AND ST. JOHN

DALE FLEMING,                          )
                                       )
            Plaintiff,                 )
                                       )
       v.                              )   Civil No. 2011-32
                                       )
RHYS S. HODGE,                         )
                                       )
            Defendant.                 )
                                       )
                                       )
```

**ATTORNEYS:**

**Dale Fleming**
St. Thomas, V.I.
    *Pro se,*

**Henry C. Smock, Esq.**
Quinatairos, Prieto, Wood & Boyer, P.A.
St. Thomas, V.I.
    *For defendant Rhys S. Hodge.*

## ORDER

**GÓMEZ, J.**

Before the Court is the November 6, 2013, motion for recusal and transfer of venue filed by Plaintiff Dale Fleming ("Fleming"). Fleming seeks recusal of the undersigned, transfer of the case to the District of Puerto Rico, and for a review of his motion by Chief Judge Wilma Lewis in the Division of St. Croix.

On March 8, 2011, Fleming filed a complaint in this matter against defendant Rhys S. Hodge ("Justice Hodge"). Thereafter,

*Fleming v. Hodge*
11-cv-32
Order
Page 2

Justice Hodge moved for the case to be dismissed for failure to state a claim.

On March 14, 2013, the Court issued an order granting Justice Hodge's motion and dismissing Fleming's complaint (the "March 14, 2013, Order"). Following the entry of the March 14, 2013, Order, Fleming filed a "Motion to Notify the District Court of the V.I. [sic] that the motion to dismiss this civil action by Chief Gomez is in violation of mine [sic] constitutional rights base [sic] on a conflict of interest" ("Motion for Recusal"). (ECF Doc. 31.) Fleming then filed a motion requesting transfer of the case to the District of Puerto Rico. (ECF Doc. 32.) Both motions were based on Fleming's claim that the Court should have recused itself from hearing this case.

Fleming alleged that the Court was biased against him when it entered the March 14, 2013, Order. He stated that the judge in this case sat on a three-judge appellate panel that reviewed a criminal matter in which Fleming was the defendant (the "appellate division matter").[1] The criminal action that Fleming was appealing was a decision of Justice Hodge, who was then a

---

[1] The District Court of the U.S. Virgin Islands previously had appellate jurisdiction over appeals from the local trial court. *See* V.I. CODE ANN. tit. 4, § 33 (2006); Revised Organic Act of 1984, 28 U.S.C. § 1613(a)(granting jurisdiction to the District Court over criminal appeals). Judges from the District Court, and judges from the local trial court sitting by designation, sat on three-judge panels and heard cases for the District Court Appellate Division.

judge of the Virgin Islands Superior Court. Fleming alleged that, for these reasons, the undersigned could not be unbiased in the instant matter.

This Court denied those motions on October 30, 2013. Thereafter, on November 6, 2013, Fleming filed the instant motion. In it, he realleges that the undersigned should have recused himself from this matter and asks once again for transfer of this case to the District of Puerto Rico. Additionally, Fleming asks for review of this matter by Chief Judge Lewis, not currently assigned to this case, who sits in the Division of St. Croix.[2]

Section 144 of United States Code title 28 states:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding . . . .

28 U.S.C. § 144 ("Section 144").

The Court first notes that in order for an individual to make a motion pursuant to 28 U.S.C. § 144, that individual must be "a party to any proceeding in a district court." *Id.* A proceeding is "[t]he regular and orderly progression of a

---

[2] Fleming also indicates that his name was misspelled in the Court's October 30, 2013, order and that his address has changed. Per Fleming's request, those things have been corrected in this order.

lawsuit, including all acts and events between the time of commencement and the entry of a judgment." Proceeding, *Black's Law Dictionary* (9th ed. 2009). Fleming's complaint in this matter was dismissed, and as such is no longer progressing in this Court. Thus, it is not apparent that Fleming is, in fact, a "party to a proceeding" in this Court.

Furthermore, Section 144 grants a party concerned with bias a hearing with another judge where that party submits a "timely and sufficient" affidavit. 28 U.S.C. § 144.  An affidavit is timely filed for purposes of Section 144 when it is filed "not less than ten days before the beginning of the term at which the proceeding is to be heard[.]" *Id.* In the instant case, Fleming has not filed any affidavit.  Additionally, this motion was filed long after the period in which this case would have been heard, were it still pending. In fact, the instant motion was filed after the case had already been dismissed. As there was no affidavit filed, and as the motion was untimely regardless, Section 144 does not control. As such, Fleming's request for a hearing before another judge must be denied. Even if the deficiencies listed above did not exist, Fleming's petition is wanting.

The issues raised by Fleming concerning recusal and transfer have already been addressed squarely by this Court in

*Fleming v. Hodge*
11-cv-32
Order
Page 5

its October 20, 2013, Order. Indeed, in that order, on the issue of recusal, the Court stated

> The Supreme Court does not require recusal where the judge accused of bias sat on the same exact trial previously. The Supreme Court also does not require recusal even where the judge states that he or she has formed opinions about the defendant due to repeated exposure. Here, there is no allegation that the undersigned formed any opinions as to either party. Significantly, there is no indication of bias or prejudice. As such, Flemming's petition for recusal is fatally deficient.

ECF No. 33 (internal citations omitted). The Court also discussed Fleming's request for transfer, stating

> Flemming does not allege that any witnesses or the parties in this case would be inconvenienced by the case remaining in this Court. Indeed, there is no evidence on the record which supports transfer in a manner that would be consistent with the law. Justice Hodge, the defendant, resides in the Virgin Islands. The plaintiff, Flemming, is incarcerated in the Virgin Islands. The complaint focused on events which occurred in the Virgin Islands in their entirety. Additionally, all non-party individuals named in the complaint and possible witnesses are employed by the government of the Virgin Islands. As such, there is nothing to suggest that the district court in Puerto Rico would be more convenient than this Court.
>
> The Court has considered the convenience of the parties, the convenience of witnesses, and the interests of justice. *See* 28 U.S.C. § 1404(a). Given the current state of the case, and Flemming's failure to allege any grounds which favor transfer, transfer would be inappropriate in this case.

*Fleming v. Hodge*
11-cv-32
Order
Page 6

*Id.*

To the extent that Fleming seeks review of the October 20, 2013, order, he must clear several hurdles.

Local Rule of Civil Procedure 7.3 permits motions for reconsideration only where there is:

 1. intervening change in controlling law;

 2. availability of new evidence;

 3. the need to correct clear error or prevent manifest injustice.

LRCi 7.3. A motion that seeks reconsideration of an order "shall be filed within fourteen (14) days after entry of the order or decision unless the time is extended by the Court." LRCi 7.3.

The purpose of a motion for reconsideration "is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir.1985). "Such motions are not substitutes for appeals, and are not to be used 'as a vehicle for registering disagreement with the court's initial decision, for rearguing matters already addressed by the court, or for raising arguments that could have been raised before but were not.'" *Cabrita Point Dev., Inc. v. Evans*, 52 V.I. 968, 975 (D.V.I. 2009) (quoting *Bostic v. AT & T of the V.I.*, 312 F. Supp. 2d 731, 733 (D.V.I. 2004)).

*Fleming v. Hodge*
11-cv-32
Order
Page 7

In the context of a motion to reconsider, "manifest injustice 'generally means that the Court overlooked some dispositive factual or legal matter that was presented to it.'" *Id.* (quoting *In re Rose*, No. 06-1818(JLP), 2007 U.S. Dist. LEXIS 64622, at *3 (D.N.J. Aug. 30, 2007)). Manifest injustice has also been defined as "'an error in the trial court that is direct, obvious, and observable.'" *Tenn. Prot. & Advocacy, Inc. v. Wells*, 371 F.2d 342, 348 (6th Cir. 2004) (quoting BLACK'S LAW DICTIONARY 974 (7th ed. 1999)). "[M]ost cases ... use the term 'manifest injustice' to describe the result of plain error." *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1425 (5th Cir. 1996).

Fleming identifies no "manifest errors of law or fact" beyond the alleged error he identified in his previous motion. That is, he simply re-alleges the error that is alleged to have occurred when the undersigned presided over this matter. Fleming's goal seems to simply be another wholesale consideration of his motions for recusal and transfer. In essence, this motion acts as a "substitute[] for appeals," and "a vehicle for registering disagreement with the court's initial decision, for rearguing matters already addressed by the court[.]" *Cabrita Point Dev.*, 52 V.I. at 975 (D.V.I. 2009).

*Fleming v. Hodge*
11-cv-32
Order
Page 8

These are not permissible uses for a motion for reconsideration.

*See id.*

      The premises considered, it is hereby

      **ORDERED** that the Fleming's Motion for Recusal and Transfer is **DENIED.**

                                  S\_____
                                      **CURTIS V. GÓMEZ**
                                      **District Judge**